[No. 834. Decided April 15, 1893.]

B. F. RODERICK AND ELLEN W. RODERICK, *Appellants*,
v. A. SWANSON, *Respondent*.

SALE OF LEASED LAND — TENDER BY PURCHASER OF NEW LEASE —
REFUSAL OF TENANT TO ACCEPT.

Where a tenant is in possession of land under a written contract
of lease, a subsequent purchaser of the land, with full knowledge
thereof, cannot maintain an action for ejectment or unlawful de-
tainer against the tenant, on the ground that a portion of the agree-
ment had not been reduced to writing, and that the tenant refused
to accept a new lease with such omitted portion incorporated.

*Appeal from Superior Court, Mason County.*

*J. E. Sligh*, for appellants.

*Hartman & Tremper*, for respondent.

The opinion of the court was delivered by

STILES, J.—This case represents one stage of a remark-
able litigation. On the 5th of November, 1890, appellants
bought a certain farm in Mason county, of one Walter.
Before the conveyance was made they were fully acquainted
by Walter with the fact that the premises were then in the
possession of the respondent under an agreement made
December 18, 1889, as follows:

"William Walter agrees to rent his place to A. Swanson
for three years, and A. Swanson agrees to pay as rent, at
the end of the first year or before, one hundred dollars,
and at the end of the second year or before, two hundred
dollars, and at the end of the third year ·or before, three
hundred dollars. Possession will be given on or before
February, 1890." Signed, etc.

Appellants contend that both Swanson and Walter gave
them to understand that only a portion of the foregoing

agreement had been reduced to writing, but what the un-
written portion consisted of, or.what terms were to be im-
posed upon either party, appellants are unable to show by
any witness, although they argue with force and great
length as to what it must have been. After their purchase
of the premises, and before the first year of respondent's
tenancy had expired, appellants endeavored to obtain
from respondent some written declaration or agreement
to the effect that in addition to money rent he would
make certain specific improvements upon the land in the
way of clearings, building fences, etc. In this they were
unsuccessful, and the first year of the respondent's tenancy
having ended February 1, 1891, they went to respondent
upon the premises on the 9th day of that month, and
offered to execute a lease to him of the unexpired two
years in accordance with their understanding of the agree-
ment between Walter and him, which included the making
of a certain amount of improvements each year in addition
to the money rent. Respondent refused this offer, and a
few days later appellants commenced an action to obtain
the possession of the premises.

This action, and two others of a. like character, which
were brought in April and June of the same year, were
unsuccessful, each of them being terminated by the court
sustaining a demurrer to the complaint.

September 2, 1891, this action was brought in the form
of an ordinary action of ejectment, alleging the ownership
of the property in the plaintiffs and the wrongful detention
of the same from their possession by the defendant. A
trial by jury was had and a verdict rendered for the de-
fendant. The court granted a new trial and gave plaint-
iffs leave to amend their complaint. This amended com-
plaint, probably for the first time in the history of the
cases, stated the facts, not with the view, however, to fur-

ther litigation in an action of ejectment, but to a proceeding under the statute for unlawful detainer. This amended complaint, with a supplement thereto covering rent for the second year, and the amended prayer, which desired to take advantage of the act of the legislature concerning unlawful detainers passed in 1891, were strenuously objected to by respondent, who by his motion to strike endeavored to remove them from the record. The court, however, required him to go to trial upon his answer subsequently filed, after denying the motion to strike. The result of this trial was a non-suit entered by the court, but subsequently the court, on motion of the respondent himself, entered judgment for appellants and against respondent for the amount of the second year's rent, which was past due at the time of the trial.

It is not for us, upon a judgment consented to by the respondent, to set aside the court's action in rendering judgment against him for the rent, though it is difficult to see how he could consistently move for such a judgment against himself in an action which had been so unwarrantably changed in its character from one of ejectment to one of unlawful detainer. But there is no ground whatever for reversing the judgment in favor of the appellants. Their only contentions are — (1) That, admitting the agreement between Walter and Swanson to have been a contract for a lease, they fully complied with all that the law required of them in 1891, when they offered to execute a lease for the unexpired term of two years, which was refused by respondent; (2) that there was evidence that ought to have gone to the jury that, under the contract as made by Walter and Swanson, there were unwritten terms which they were justified in including in their proposed lease, and upon the refusal of which by Swanson they were justified in declaring the whole contract at an end and all right to

a lease forfeited.   This was a good contract for a lease to charge the purchaser, Swanson being in possession at the time of the sale by Walter, and the purchasers having full knowledge of the existence of his contract, and of his possession.   The offer to execute a lease made in 1891 was not sufficient, because coupled with a proposition to include therein terms which were not expressed in the contract, those terms involving the payment of a larger rent than was specified by the written agreement.   To avoid this proposition the appellants exhaust the limits of argument in a lengthy brief based solely upon theory and supposition. They say they were told by Walter and Swanson that the written agreement did not contain the entire contract, but they are totally unable to say what the unwritten portions consist of.   They do not call Walter, and Swanson denies that anything was unwritten except the acknowledgment.   They argue, however, that because it appears to be the fact that Swanson during the first year of his tenancy made various improvements upon the land, which he claims to have been worth five hundred dollars and upwards, and because witnesses are produced who testified that the fair rental value of the land was five hundred dollars a year, therefore, the improvements made by Swanson must have been intended as an additional rental; and, being so intended, they must have been contracted for; and having been contracted for for the first year, it must have been intended to contract for substantially the same rental each year; and therefore this was an unwritten part of the contract between the original landlord and tenant, and they were entitled to have it expressed in the lease which they offered to make. A train of reasoning such as this is hard to attack or even touch.   The trouble with it is, it has no foundation.   Admitting that the clearing proposition was something that had been agreed upon between the parties before their agreement was written out, it may just as well have been

15—6 WASH.

that the entire contract was to be satisfied by improvements to the amount of five or six hundred dollars to be made during the term of three years, the time when it was to be made being entirely optional with the tenant. If he chose to make it all the first year, and have the advantage of it in the additional land which he could cultivate during the other years, he was entirely at liberty to do so. But neither Walter nor Swanson had a right to change the contract they made, the terms of which, when reduced to writing, were conclusive upon both unless proper equitable proceedings were taken by one or the other to correct it. If the appellants considered that good grounds existed why their proposed lease should contain some additional terms in accordance with the actual agreement made between Walter and Swanson, which were omitted by mistake, instead of bringing suit after suit to eject him, they should have commenced an action against him to reform the contract, and, in accordance with that, have tendered such a lease as would satisfy that contract when reformed. As it is, they have in the judgment for the second year's rent more than they were entitled to under the form of proceeding which they adopted in this case.

Judgment is affirmed with costs.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.